THE STATE ex rel. BERT JOHNSON, Collector, v. MERCHANTS & MINERS BANK et al., Appellants.

THE STATE ex rel. BERT JOHNSON, Collector, v. CENTRAL NATIONAL BANK OF CARTHAGE et al., Appellants.

**In Banc, July 7, 1919.**

1. **TAXATION: Board of Equalization: Judicial Acts: Certiorari.** The State Board of Equalization in fixing the value of property in any county acts judicially, and its valuations have the force and effect of judgments of courts. Of course, if in making its valuations it exceeds its powers or statutory jurisdiction, and such fact appears upon its record, the courts can quash its judgment by *certiorari;* but the courts cannot nullify its judgment in a collateral proceeding.

2. ———: ———: ———: **Collateral Attack.** The action of the State Board of Equalization being judicial in character its judgment cannot be attacked in a collateral proceeding. To be overthrown

there must be a direct attack upon the judgment itself for the purpose of vacating, annulling and setting it aside. It cannot be annulled .by a showing, when suit is brought on a tax bill against a bank, that the board valued and assessed defendant's property at one half its true value and all other personal property in the county at forty per cent of its true value. Such a defense would be a collateral attack on the judgment, and is therefore unavailable, and evidence to show such discrimination is incompetent.

Appeal from Jasper Circuit Court.—*Hon. R. A. Pearson*, Judge.

JUDGMENT MODIFIED AND AFFIRMED.

*J. W. Halliburton, A. E. Spencer* and *Howard Gray* for appellants.

(1) The evidence proves conclusively that during the years 1911 to 1915, inclusive, bank stocks were assessed in Jasper County at fifty per cent of their true value, while no other property in the county was assessed at more than forty per cent of its value; that banks, prior to the institution of these suits, paid all the taxes which should have been assessed against them had they not been assessed higher than other property according to value. Mercantile Trust Co. v. Schramm, 190 S. W. 886; Iowa Cent. Ry. Co. v. Board of Review, 157 N. W. 731; Ewert v. Taylor, 160 N. W. 797. (2) The evidence shows that it had been the practice, understanding and settled policy, for many years, for the assessor and the County Board of Equalization in Jasper County to assess the personal property of the county on a basis of forty per cent of its true value, and real estate on a basis of thirty per cent; that the State Board of Equalization, with the certificate of the county clerk before it, showing that real estate and personal property had been assessed on this basis, arbitrarily raised the assessment on bank stock to fifty per cent. This is unjust and an illegal discrimination, and it is no answer to say that the stockholders of the banks have no right to complain because their property

was not assessed at its full value in money as required by law. Bank v. Treasurer of Lucas Co., 25 Fed. 749; Eminence Distillery Co. v. Henry Co. Board, 200 S. W. 347; Porter v. Langley, 155 S. W. 1042; Lively v. Railroad Co., 120 S. W. 852; Chicago, B. & Q. R. R. Co. v. Atchison County, 54 Kan. 781; Iowa Cent. Railroad Co. v. Board of Review, 157 N. W. 731; First Natl. Bank v. Chapman, 173 U. S. 205; First Natl. Bank v. Christianson, 118 Pac. 778; First Natl. Bank v. McBride, 149 Pac. 353; State ex rel. v. Osborn, 83 N. W. 357; Drew Co. Timber Co. v. Board, 187 S. W. 942; Barz v. Board of Equalization, 111 N. W. 41; Nevada-California Power Co. v. Hamilton, 235 Fed. 317. (3) The plaintiff claims that even though all the matters alleged in defendants' answer are true, inasmuch as this is an action at law for the taxes no equitable defense can be successfully made, and that the defendants are absolutely without any remedy. We claim all of the authorities are to the contrary. First National Bank v. Treasurer of Lucas Co., 25 Fed. 749; Nevada-California Power Co. v. Hamilton, 235 Fed. 317; Arosin v. London & N. W. Am. Mtg. Co., 83 N. W. 339; Board of Comrs. Garfield Co. v. Field, 162 Pac. 733; Porter v. Langley, 155 S. W. 1042; Raymond v. Chicago Union Trust Co., 207 U. S. 20; First Natl. Bank v. McBride, 149 Pac. 353; Chicago, B. & Q. R. Co. v. Atchison Co., 54 Kan. 781; First Natl. Bank v. Christianson, 118 Pac. 778. (4) We admit that the general rule is that where the laws of a State provide for a hearing before the State Board of Equalization and an appeal from its decision, the remedy is exclusive; but in this State there is no provision for the appearance before the State Board, for any hearing or an appeal from its decision in assessing bank stock, and the only remedy the taxpayer has is to enjoin the collection of the excess or, when sued for the taxes, to set up the facts as he would were he bringing a suit to enjoin. In this case the defendants are not in a position to bring suit to enjoin because until these

suits were filed no effort was made or had been made to collect the excess, but there was a tacit understanding that the same would not be collected. In any event, in this State the old common law procedure of requiring the defendants to bring a suit to enjoin the collection of a tax and ask to have the collector's suit at law postponed until the court had heard the equity case, no longer prevails; but under our code all can be accomplished in the one suit by the equitable answer to the plaintiff's cause of action. Martin v. Turnbaugh, 153 Mo. 172; Swope v. Weller, 119 Mo. 556; Dwyer v. Rohan, 99 Mo. App. 120.

*R. A. Mooneyhan* and *J. D. Harris* for respondent.

(1) The State Board of Equalization is a creature of the Constitution of the State, being created by Section 18 of Article 10 of the Constitution. By that section it is made the duty of the board to adjust and equalize the valuation of real and personal property, among the several counties. This court has ruled that the board has the inherent power to proceed to the performance of these duties without legislative authority. Railway v. State Board of Equalization, 64 Mo. 294; State ex rel. v. Vaile, 122 Mo. 33. It is further provided in the foregoing section of the Constitution that the board shall perform such other duties as are or may be prescribed by law. The Legislature has by Section 11412 provided the plan of equalization to be pursued by the State Board of Equalization, in its performance of its duties. And as there must be an end to the matter of affixing values somewhere, it is a wise law that has made the finding of the State Board of Equalization final, so long as its proceedings are not vitiated by fraud or illegality. Mercantile Trust Co. v. Schramm, 269 Mo. 489, Missouri ex rel. Hill v. Dockery, 191 U. S. 165, 48 L. Ed. 133. (2) The Supreme Court of the United States, that the State Board of Equalization has the power to classify the

various kinds of property for the purpose of fixing valuations thereon. Mercantile Trust Co. v. Schramm, 269 Mo. 489; Missouri ex rel. Hill v. Dockery, 191 U. S. 165, 48 L. Ed. 133; Copper Queen Consolidated Mining Co. v. Arizona, 206 U. S. 474. (3) The State derived its authority to assess national bank stock from Sec. 5219, U. S. R. S. 1878. (4) The Act of Congress does not make the tax on personal (or real) property the measure of tax on bank stock, but the tax on moneyed capital in the hands of individual citizens. Money invested in railroads, mining property and stocks, business corporations and savings banks do do not fall within the class of "moneyed capital" in the sense used in the Federal statute, and it has been held that these investments do not come into competition with national bank stock and national banking, within the prohibition. First National Bank of Aberdeen v. Chehalis County, 166 U. S. 445; Hepburn v. Carlisle Burrough School Director, 90 U. S. (23 Wall.) 480, 23 L. Ed. 112; First National Bank of Aberdeen v. Chehalis County, 166 U. S. 452, 41 L. Ed. 1075. (5) Mere over-valuation is no defense. State ex rel. v. Western Union Tel. Co., 165 Mo. 502. (6) Merely because witnesses testify that the defendants' properties have been assessed at a higher per cent of the true value thereof by the State Board of Equalization than other classes of property, is not sufficient to overcome the judgment and decision of the State Board of Equalization. And even though in the opinion of witnesses for the defendants their property was equalized at fifty per cent of its true value, while other classes of property were equalized at forty per cent of the true value thereof, in the opinion of such witnesses, still this evidence cannot avail the defendants here, since the solemn judgment of the State Board of Equalization can not be impeached by such evidence. State ex rel. v. Western Union Tel. Co., 165 Mo. 502; C., B. & Q. R. Co. v. Babcock, 204 U. S. 585; Coulter v. L. & N. R. Co., 196 U. S. 599; Williams v. Garfield Ex-

change Bank, 134 Pac. (Okla.) 863; Southern. Spg. R. & C. Co. v. Board, 139 Pac. (N. M.) 159; Ray v. Armstrong, 131 S. W. 1039; People v. Pitcher, 156 Pac. 812; Hacker v. Howe, 101 N. W. (Neb.) 255; State ex rel. v. Hann. & St. J. Ry. Co., 101 Mo. 127; Ward v. Board of Equalization of Gentry County, 135 Mo. 309; Stanley v. Supervisors, 121 U. S. 535; Mercantile Trust Co. v. Schramm, 269 Mo. 489. (7) The State Board of Equalization in performing its duty, acts judicially, and its judgments are not open to collateral attack. State ex rel. v. Western Union Tel. Co., 165 Mo. 517; Western Union Tel. Co. v. State ex rel. Gottlieb, 190 U. S. 426, 47 L. Ed. 1122; State ex rel. v. Vaile, 122 Mo. 47; State ex rel. v. Neosho Bank, 120 Mo. 161; State ex rel. v. Baker, 170 Mo. 383; Hann. & St. J. Ry. Co. v. State Board of Equalization, 64 Mo. 294.

GRAVES, J.—These are two actions to recover delinquent taxes. They are consolidated and tried together below, and are so presented here. The first is a case against a state bank, and the second case is against a national bank.

It is claimed that the State Board of Equalization raised the assessed value of bank stock in Jasper County from forty per cent of their value to fifty per cent of their value, whilst said State Board of Equalization left other personal property stand at an assessed valuation of forty per cent of the value.

The tax bills in these cases were based upon the assessed valuation as certified to the county by the State Board of Equalization. The suits cover delinquencies for the five years prior to their institution. During these years and for some time prior, the banks had been paying on a forty per cent assessed valuation, instead of the fifty per cent assessed valuation as fixed by the State Board. This is the claim of the defendants. As a fact they paid about three-fourths of their taxes each year and these suits are to collect

the unpaid portions for the five years next before the institution of these actions.

The tax bills were based upon the valuation fixed by the State Board of Equalization, and the relator is entitled to recover in this action, unless the judgment of the State Board of Equalization can be successfully attacked in this proceeding. Evidence was admitted over the objection of plaintiff, which was offered for the purpose of nullifying the judgment of the Board of Equalization. But after hearing it all the trial court entered judgment for relator. In our view of the law further details are unnecessary.

I. It is settled doctrine in this State that boards of equalization, including the county boards of equalization, as well as the State Board of Equalization, act judicially.

Judicial Act.

As to the State Board of Equalization the statute, Section 11410, thus reads: "The State Board of Equalization shall have power to send for persons and papers, to administer oaths through its officers or agents, and to take all evidence it may deem necessary to ascertain the value of the property in the different counties in the State."

So the very statute itself indicates the judicial character of its acts. This court has so ruled as to the State Board in State ex rel. v. Western Union Telegraph Co., 165 Mo. l. c. 517, whereat it is said: "The defendant cannot avail itself of these cases, for the reasons, first, that it seeks to raise the question of discrimination by a defense to an action at law to collect the taxes, and thereby collaterally attacks the judgment of the board of equalization; second, that such questions can only be raised by a direct attack, in equity, and then only upon the condition precedent that it pays or tenders the amount justly due and only asks to have the collection of the excess restrained. This the defendant has not done in this case."

.The county boards of equalization perform judicial functions, as is clearly indicated by Article 3 of Chapter 117, Revised Statutes 1909. And this court has so held. Thus in Black v. McGonigle, 103 Mo. l. c. 198 et seq., is said: "According to the plain letter of the statute, the board has not only the power to hear complaints, but it has the power, of its own motion, to equalize the valuation for the purposes named in the law, namely, so that each tract of land shall be entered at its 'true value.' In performing these duties the board acts judicially; this has been often held, and the very nature of the duty to perform makes it a judicial one. [St. Louis Mutual Life Ins. Co. v. Charles, 47 Mo. 465; Railroad v. Maguire, 49 Mo. 483; Cooley on Taxation (1 Ed.), 291.]"

To like effect in the case of State ex rel. v. Bank, 234 Mo. l. c. 197, whereat we thus spoke: "In making the order raising the valuation of the property for taxation in Christian County for the year 1905, the County Board of Equalization was acting in a judicial capacity, and, under the well-settled rule of law applicable to judgments, its action was not subject to collateral attack. [Black v. McGonigle, 103 Mo. 192; State ex rel. v. Vaile, 122 Mo. 33; State ex rel. v. Western Union Tel. Co., 165 Mo. 502; State ex rel. v. Lumber Co., 198 Mo. 430.]"

So also in State ex rel. v. Lumber Co., 198 Mo. l. c. 439, we said: "But the County Board of Equalization had jurisdiction over the lands taxed for levee purposes (Sec. 8449, R. S. 1899), and the authority to raise the assessments for benefits against all the lands (Sec. 9131, R. S. 1899), and in so doing it acted judicially. [Black v. McGonigle, 103 Mo. 192; St. Louis Mutual Life Ins. Co. v. Charles, 47 Mo. 465; Railroad v. Maguire, 49 Mo. 483; Cooley on Taxation (1 Ed.), 291; Ward v. Board of Equalization, 135 Mo. 309.] In raising the rate of taxation against the lands in the levee district it was sufficient for the board to designate a percentage of increase. [1 Cooley on Taxation

(3 Ed.), 786.] It is not claimed that the Board of Equalization failed in any of its duties. Its proceedings were regular, proper notice given, and the result legally published and certified as required by the statute. The act of the board in raising the assessment being judicial in its character is not subject to attack in this collateral way.''

Other cases along the same line are State ex rel. v. Vaile, 122 Mo. l. c. 47; Railroad v. McGuire, 49 Mo. l. c. 483; Black v. McGonigle, 103 Mo. l. c. 198; State ex rel. v. Board of Equalization, 256 Mo. l. c. 461. In the latter case, supra, BOND, J., said: ''The functions of the board of equalization in judging the assessments of property are judicial, and if in the exercise of that power it shall act without rightful jurisdiction, and this should appear from the fact of its record, then *certiorari* is the proper remedy to quash its record and proceedings.''

So that from the beginning to this time we have held the proceedings of these boards (both county and State) to be judicial in character. Not only so, but we have given their proceedings in fixing values the force of judgments. Other cases from this State might be cited, but these are illustrative of the whole line of our cases. Of course if such bodies in acting (as stated by BOND, J., supra) exceed their constituted power or jurisdiction, and such fact appears upon their records, then we can reach their judgments by *certiorari*. Such is the rule as to courts.

II. It being conceded (as it must be) that the action of the State Board of Equalization was judicial in character, then it must be held that its judgment cannot be attacked in this collateral proceeding. That the attack upon the judgment of the State Board of Equalization is collateral is clear from the books.

Collateral Attack.

In 23 Cyc. 1062, the difference between direct and collateral attacks is clearly stated, thus: ''The term

'collateral' as used in this connection is opposed to 'direct.' If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a direct attack upon it. Such is a motion or other proceeding to vacate, annul, cancel, or set aside the judgment, or any proceeding to review it in an appellate court, whether by appeal, error, or *certiorari*, or a bill of review, or, under some circumstances, an action to quiet title. On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral.'' The same authority on the same page says: ''The rule against collateral impeachment of judicial decisions applies to the determination of State and county officers or boards of officers, who, although not constituting a court, are called upon to act judicially in matters of administration, such as boards of county commissioners, boards of land commissioners, or railroad commissioners, or a State Board of Equalization.''

Our rule as to what is collateral attack accords with Cyc. supra. Thus in Lovitt v. Russell, 138 Mo. l. c. 482, GANTT, P. J., said: ''Now it must be borne in mind that the proceedings, under review and collaterally assailed in this case, were in the Circuit Court of Jackson County, a court of general jurisdiction. No principle of law is more universally accepted in this country than that the judgment of a court of competent jurisdiction so long as it stands unreversed cannot be impeached in a collateral proceeding, on account of mere errors, or irregularities, not going to the jurisdiction. [Union Depot Co. v. Frederick, 117 Mo. 138; Lingo v. Burford, 112 Mo. 149; Gray v. Bowles, 74 Mo. 419; 1 Black on Judgment, sec. 261.] The plaintiff did not proceed in the circuit court by bill in equity and ask to have the judgment set aside for fraud, nor did she attempt to set it aside for irregularity by motion

or petition for review.'' See also the cases cited in our paragraph one, supra.

There is no doubt that the State Board of Equalization was acting within its jurisdiction when it fixed values for bank stock in Jasper County, and its judgment can not be attacked in this collateral proceeding.

In State ex rel. v. Vaile, 122 Mo. 1. c. 47, BLACK, P. J., said: ''A board of equalization in performing its duties, acts judicially, and its orders cannot be impeached collaterally, save for want of jurisdiction or for fraud. [Black v. McGonigle, 103 Mo. 193, and cases cited; Black on Tax Titles (2 Ed.), sec. 141.] But it is a board of special and limited powers, and when it steps outside of its jurisdiction its acts are void.''

If attacked for want of jurisdiction, the fact must appear on the face of the record. So appearing, the judgment is void, and a void judgment may be attacked collaterally. But if the judgment is only voidable and not void it can only be attacked in a direct proceeding. This is hornbook law.

Judgments may be set aside for fraud, but the fraud must be such as entered into the very concoction of the judgment. But we need not discuss this, because a judgment cannot be attacked for fraud in a collateral proceeding. It must be by a direct bill in equity. It follows that the objections made by relator to all the oral evidence introduced to impeach the judgment of the State Board of Equalization should have been sustained, because such judgment cannot be thus impeached in this collateral proceeding. With this evidence stricken from the record there is nothing left to either of these cases for the defendants. The members of the State Board of Equalization could not impeach their own judgment in this collateral proceeding. Nor can the judgment of the County Board of Equalization be impeached in this collateral proceeding. This removes from the record all evidence having in view that purpose.

Under the law these boards, both State and county (in this collateral proceeding), are presumed to have performed their duties under the law. This presumption is a finality in collateral proceedings. The face of the record does not disclose want of jurisdiction in the State Board of Equalization, and its judgment is not void. Its attack in this collateral proceeding cannot be sustained under the law. When we have stripped from the record in this case all the incompetent evidence (duly objected to below) there is absolutely nothing left to the defenses made by defendants. The many matters discussed need not be noted at all, because this is not a case wherein they could properly arise. The judgment *nisi* should be affirmed, and it is so ordered. All concur except *Woodson, J.,* not sitting.

ON MOTION TO MODIFY OPINION AND JUDGMENT.

GRAVES, J.—Motions to modify our opinion and the judgments herein have been filed. Those motions should be sustained. As stated in the opinion these two actions are to recover unpaid balances due upon taxes for the five years next preceding the bringing of the actions. It would appear that the circuit court omitted to credit the payments of a portion of the taxes paid by the two banks. Counsel for plaintiff admits the error, but in our deep interest in the vital question in the case, we overlooked this matter. Counsel offers to remit from the judgments so as to make them correct. This will be permitted.

So that in the first case, the judgment will be cut down to $93.96, which includes ten per cent for the tax attorney's fees. In the other case, the judgment will be cut to $96.36, which includes ten per cent for the tax attorney's fees.

In the cases the tax bills (five in each) show these amounts as the balance due, including the penalties and tax attorney's fees. The opinion is hereby modified,

as are also the judgments. In the first case, judgment is entered here for the sum of $93.96, and in the second case, judgment is entered here for the sum of $96.36.

All concur except *Woodson, J.*, who is absent.