BANK OF CARTHAGE, a Corporation, ET AL. v. L. M. THOMAS, County Clerk of Jasper County, Missouri, ET AL., Appellants.

JOPLIN NATIONAL BANK OF JOPLIN, MISSOURI, a Corporation, ET AL., Respondents, v. L. M. THOMAS, County Clerk of Jasper County, Missouri, ET AL., Appellants.—48 S. W. (2d) 930.

Division One, April 2, 1932.

20

*Stratton Shartel,* Attorney-General, for appellants; *Haywood Scott* and *L. Cunningham* of counsel.

22

*Howard Gray, Allen McReynolds* and *A. E. Spencer* for respondents.

FERGUSON, C.—These are suits in equity filed in the Circuit Court of Jasper County, whereby it is sought to permanently enjoin the Clerk of the County Court of Jasper County from entering upon the tax books, and adjusting same to conform to the order and judgment of the State Board of Equalization determining, fixing and assessing the aggregate value of shares of bank stock of banks and trust companies in Jasper County as a basis for taxes for the year 1928. Fraud is alleged in the concoction of the order and judgment of the State Board of Equalization. All the state banks of Jasper County, twenty-two in number, joined as plaintiffs in case numbered 30,103 and all the national banks in that county, seven in number, joined as plaintiffs in case numbered 30,104. The allegations of the bills in the two cases are identical except that in the first case it is alleged that plaintiffs are "banking corporations organized and existing under the laws" of this State and in the second that the plaintiffs are "banking corporations organized and existing under the provisions of the national bank act." While the cases were tried as one case in the trial court separate but identical judgments were entered and separate appeals taken. Here they were briefed, argued and submitted as one case. Reference herein to plaintiffs or respondents includes the plaintiffs in both suits, all the banks and trust companies, state and national, in Jasper County affected by the assessment judgment the validity of which is attacked.

The bills state that plaintiffs "bring this suit as trustee on behalf of each and all of their shareholders and to avoid a multiplicity of suits." The pertinent parts of plaintiffs' bill charging fraud in the concoction of the order and judgment of the State Board of Equalization, in substance, are:

1. That the assessor of Jasper County valued and assessed the personal property of each of the plaintiff banks as of June 1, 1927, at its true value in money.

2. That the county board of equalization in equalizing the valuation and assessments upon property in Jasper County made as of June 1, 1927, did not increase or decrease the valuation and assessment as made by the assessor upon the personal property of each of the plaintiffs.

3. "That for more than two years last past the state board of equalization and the state tax commission have been engaged in a conspiracy to assess and collect from the banks of Missouri and the stockholders thereof taxes largely in excess of the amount which should be paid by said institutions and further

their purpose they have engaged in a deliberate, intentional, systematic and arbitrary campaign to assess bank stock at a rate in excess of its actual value and far in excess of all other property of the same class in Jasper County and the other counties in Missouri; that the said state board of equalization and state tax commission have used the powers vested in them for the purpose of properly and justly equalizing taxes in the state of Missouri to arbitrarily, deliberately, intentionally and systematically enforce excessive assessments against the plaintiffs herein and the other banks in the state of Missouri; that all of said conduct is the result of a conspiracy on the part of said taxing authorities against these plaintiffs and other banks in Missouri to levy and collect arbitrary and excessive taxes from the plaintiffs and others similarly situated in violation of their legal and constitutional rights.''

4. ''That on the 28th day of March, 1928, the state board of equalization, at its office in Jefferson City, without warrant of law and in violation of plaintiffs' rights, increased the assessment on bank stock in Jasper county 48.33%'' . . . that said increase was made ''pursuant to the fraudulent conspiracy between the state tax commission and the state board of equalization to deliberately, intentionally, systematically and arbitrarily assess bank stock in the state of Missouri at a rate in excess of other property in the state and in excess of the actual value thereof.''

5. ''That if said assessment is allowed to stand it will result in the banks of Jasper county being assessed 148.33% of their true and actual value in cash of the personal assets of said banks.''

6. That ''without any proper evidence upon which to base such a finding'' the State Board of Equalization ''fraudulently, arbitrarily, oppressively and willfully assessed the personal property of these plaintiffs at 148.33% of its actual value and are requiring the county clerk of Jasper county to extend such assessment upon the tax books.''

7. That if the clerk of the county court is permitted to extend the additional assessment made and certified by the State Board of Equalization upon the tax records same will become the basis for the levy of taxes for the year 1928 and ''to permit taxes to be levied upon the basis of said valuation would be in violation of the plaintiffs' rights and more particularly in violation of the provisions of sections 3 and 4 of article 10 of the Constitution of Missouri and of section 1 of the 14th Amendment to the Constitution of the United States, in that it would be a fraud upon the shareholders of plaintiff banks, a discrimination against them and their property and would place an unjust

and unequal taxation on the holders of such shares, as the result of a deliberate, intentional, systematic and arbitrary assessment such as is proposed.''

The bill concludes with a prayer for a temporary injunction restraining the county clerk from "extending upon his books or records the increase of 48.33 per cent upon the assessments of the personal property of these plaintiffs and that upon a final hearing" the injunction be made permanent and that the "attempted increase of 48.33 per cent by the state board of equalization be declared illegal, void, and of no effect." A temporary injunction, as prayed, issued. Upon a hearing in the Circuit Court of Jasper County the temporary injunction against the clerk of the county court was made permanent. The defendants appealed.

The members of the State Board of Equalization in their official capacity, were joined as defendants with the Clerk of the County Court of Jasper County. The summons for the members of the State Board of Equalization was directed to the Sheriff of Cole County and served upon them in Cole County. The State Board of Equalization and the members thereof by timely motions, which were overruled, and by answer challenged the jurisdiction of the Circuit Court of Jasper County both as to the State Board of Equalization and the subject-matter, asserting, that the object of the suit was to cancel and annul the order and judgment of the State Board of Equalization, that it was therefore a necessary party, that its place of domicile is at the capitol at Jefferson City, Cole County, where it has its existence and where its records are kept, that it could only be sued in Cole County and that the venue of this suit was improperly laid. These questions are ably argued here by the learned Attorney-General. Respondents however, in effect say that the State Board of Equalization is not a necessary party defendant and that it is not essential to the jurisdiction of the court over the subject-matter that it be made a party defendant. This is not a suit to review the proceedings of the Board of Equalization, as discussed in State ex rel. Gardner v. Hall, 282 Mo. 425, 221 S. W. 708, or to modify or amend its judgment but plaintiffs (respondents) charge that the judgment of the State Board of Equalization, which acts judicially (State ex rel. Johnson, Collector, v. Merchants' & Miners' Bank, 279 Mo. 228, 213 S. W. 815; Jefferson City Bridge & Transit Co. v. Blaser, 318 Mo. 373, 300 S. W. 778) is fraudulent and void and they seek in a court of equity to prevent the execution or carrying into effect of the alleged void order or judgment by enjoining the clerk of the county court from entering same upon the tax books as an assessment against their property which action, on the authority of Boonville National Bank v. Schlotzhauer, County Collector, 317 Mo. 1298, 298 S. W. 732, con-

stitutes, an attack upon the validity of the assessment judgment. Instead of standing by and permitting the alleged fraudulent and void assessment to be entered upon the tax books, the tax books adjusted to conform to same, taxes extended upon the basis of such assessment, and the tax books delivered to the collector and then resorting to a court of equity for relief by a suit to enjoin the collector from enforcing collection of the tax based upon the alleged fraudulent assessment, respondents took this prompt and timely action to enjoin the carrying into effect of the alleged void order and judgment by suit in equity challenging the validity thereof. Such a suit in equity against the county collector to enjoin the collection of an alleged illegal tax levied upon an alleged fraudulent and void assessment is held to be an appropriate remedy for obtaining relief from such judgment and to give the court jurisdiction of the subject-matter in Boonville National Bank v. Schlotzhauer, Collector, supra, and Jefferson City Bridge & Transit Co. v. Blaser, supra. The Jefferson City Bridge & Transit Company case was a suit in equity to restrain the collection and enforcement by the county collector of taxes levied upon an alleged void assessment. It was alleged that the State Tax Commission and State Board of Equalization "illegally, wrongfully and fraudulently discriminated" against plaintiff in fixing and assessing the valuation of its property. The county collector was the sole defendant. The suit in equity was held to be the proper remedy. Applying the principle of the foregoing cases in the instant case we think respondents' suit in equity to restrain the county clerk from entering the alleged fraudulent and void assessment made by the State Board of Equalization and the extension of taxes on the basis of that assessment to be an appropriate and proper way to attack and inquire into the validity of the alleged fraudulent and void judgment, that the court had jurisdiction of the subject-matter and that it was not necessary to make the members of the State Board of Equalization parties defendants in order to give the court jurisdiction of the subject-matter. The members of the State Board of Equalization not being necessary parties it then becomes unnecessary for us to rule upon the question raised in that connection by the learned Attorney-General as to whether an action to review the proceedings of the State Board of Equalization or to modify or amend its judgment or any other proceeding which might properly lie against the board and the members thereof, may be brought in a county other than Cole (see State ex rel. Gardner v. Hall, supra) nor is it necessary to pass upon the validity of the service of summons upon the members of the State Board of Equalization in the instant case. The suit in equity against the clerk of the county court by injunction was sufficient to give the court jurisdiction of the subject-matter involved. The answer of the defendant, L. M. Thomas,

clerk of the county court, restates the claims set out in the answer filed by the members of the State Board of Equalization that the court does not have jurisdiction of the State Board of Equalization or the subject-matter and avers that, "there is no equity in plaintiffs' petition and plaintiffs are not entitled to an injunction herein."

It will be noted that this case arose prior to the ruling of this court in Brinkerhoff-Faris Trust & Savings Company v. Hill, 323 Mo. 180, 19 S. W. (2d) 746 (see 281 U. S. 673, 50 Sup. Ct. Rep. 451, 74 L. Ed. 1107 and 42 S. W. (2d) 23).

The bill alleges that fraud entered into the making of the assessment judgment of the State Board of Equalization in two respects. It is first charged that the State Board of Equalization and the State Tax Commission were "engaged in a deliberate, intentional, systematic and arbitrary campaign to assess bank stock" in this State "at a rate in excess of its actual value and far in excess of all other property in the State" and "to enforce excessive assessments against plaintiffs herein and other banks in the State of Missouri" and that "pursuant to such fraudulent conspiracy . . . to deliberately, intentionally, systematically and arbitrarily assess bank stock in the State of Missouri at a rate in excess of the actual value thereof" the State Board of Equalization increased the aggregate assessment of bank stock in Jasper County 48.33 per cent above its true value. This charge is without support in the proof and seems to have been abandoned by plaintiffs as no evidence was offered tending to establish same. There is no evidence in the record showing or tending to show that the aggregate valuations placed upon bank stock by the State Board of Equalization in equalizing the valuation of that class of property "among the respective counties of the state" (Sec. 9863, R. S. 1929) were in excess of the actual or real value of such stock or that by such valuations bank stock in this State was assessed at a higher proportion of its value than other property was assessed. It is to be presumed, nothing appearing to the contrary, that the State Board of Equalization in equalizing the valuation of each class of property among the counties of the State properly fixed the aggregate valuation of bank stock in the various counties at the "true value" thereof in money and that the aggregate valuations of each class of property, enumerated in the statute, in the several counties of the State, were fixed at the "true value" in money of that class of property as required by statute (Sec. 9863, R. S. 1929).

The second charge and the one upon which plaintiffs apparently rely is that "without any proper evidence upon which to base such finding" the State Board of Equalization "fraudulently, arbitrarily, oppressively and willfully" assessed plaintiffs' personal property "at 148.33 per cent of its actual value," which is a "discrimination

against them and their property" and places "an unjust and un-equal taxation" upon such property. It is not claimed in this case that while plaintiffs' property was assessed at its full value other property was systematically and intentionally undervalued by the assessing officers or that the assessing officers systematically and in-tentionally valued and assessed plaintiffs' property at a higher pro-portion or per centum of its true value than that adopted by them as the basis of valuation for taxation of other taxable property so that by reason thereof unjust discrimination resulted amounting to a legal fraud as in Boonville National Bank v. Schlotzhauer, supra, and Brinkerhoff-Faris Trust & Savings Company v. Hill, 42 S. W. (2d) 23. It appears to be conceded that the basis adopted, by the assessing officers and bodies participating in making the assessment, for the valuation of all property in Jasper County was the true value thereof in money and it is not questioned that other property was valued and assessed at its true value in money. But plaintiffs' position seems to be that the value fixed by the State Board of Equali-zation as the aggregate true value of the personal property of bank-ing corporations in Jasper County so grossly exceeds the real and actual aggregate value of that class of property in that county as to constitute a legal fraud against plaintiffs and warrant the inter-vention of a court of equity to relieve plaintiffs from the assessment judgment of the State Board of Equalization. This theory is based upon the assumption that the valuation placed upon the personal property of the plaintiffs, and each of them, by the assessor of Jasper County was and fixed the true value thereof in money so that the aggregate valuation of that class of property as shown by the abstract of the assessment book compiled and forwarded by the county clerk to the State Auditor "to be laid before the State Board of Equaliza-tion" (Section 9800, R. S. 1929) was the true aggregate value of bank stock in that county and therefore by adding 48.33 per centum to that amount the State Board of Equalization arbitrarily and in-tentionally increased the aggregate valuation of bank stock in Jasper County 48.33 per centum in excess of its true value which would re-sult in the personal property of each of the plaintiff banks being as-sessed for taxation at 48.33 per centum in excess of its true value while other property was valued and assessed at its true value. Plain-tiffs stand upon the valuation made by the assessor and passed by the county board of equalization and say that valuation as entered upon the assessor's books is the true value in money of the personal property of each individual plaintiff and the total thereof the ag-gregate true value of such property. The county board of equaliza-tion in equalizing the "valuation and assessments" of property with-in Jasper County did not either raise or reduce any individual bank

assessment which was tantamount to a finding that "in their opinion" the personal property of each individual bank was assessed at its "real value" (Sec. 9813, R. S. 1929).

Section 9792, Revised Statutes 1929, commands the assessor to "value and assess" all property "according to its true value · in money." "The 'values' mentioned in the statutes are the *valuations* of the officials whose duty it is to make them. . . . The requirement of section 12802 (Sec. 9792, R. S. 1929), that the assessor assess the property at its true value in money, means nothing more than that such true value is his estimate, his valuation." [State ex rel. Thompson v. Bethards, 320 Mo. 1164, 9 S. W. (2d) 603.] The law contemplates that, in accordance with Section 9792, Revised Statutes 1929, the assessor did "value and assess" the personal property of each of the plaintiff banks at what he judged, considered or deemed to be its true value in money. But such valuation is not a final and conclusive determination of the true value of the property for the statute, Sections 9812 and 9813, Revised Statutes 1929, provides that the county board of equalization in equalizing "the valuation and assessments" upon all property within the county "shall raise the valuation" of any property "such as in their opinion" has been returned below its "real value" and "reduce the valuation" of any property "which in their opinion has been returned above its true value as compared with the average valuation" of property within the county. "But such findings of true value (by the assessor and county board of equalization) are not conclusive upon the state board of equalization, which is a creature of the Constitution, and Section 12855, Revised Statutes 1919 (Sec. 9863, R. S. 1929), a law equal in authority, dignity, and force with the statutes above cited (Secs. 9792, 9812 and 9813, R. S. 1929); requires such board to 'add to the valuation of each class of the property, real or personal, of each county which it believes to be valued below its real value in money such per centum as will increase the same in each case to its true value,' and to 'deduct from the valuation of each class of the property, real or personal, of each county which it believes to be valued above its real value in money such per centum as will reduce the same in each case to its true value,' although such exercise of its judgment as to true values may result in raising some individual assessments above values previously fixed as true. Such action of the state board of equalization is conclusive." [Columbia Terminals Company v. Koeln, Collector, 319 Mo. 445, 3 S. W. (2d) 1021.] The presumption that the valuation fixed by the State Board of Equalization "is the true value attaches" to the action of that board. [State ex rel. Thompson v. Bethards, supra.] The State Board of Equalization in the performance of its duties acts judicially (State ex rel. v.

30

Vaile, 122 Mo. 33, 26 S. W. 672; State ex rel. Johnson, Collector, v. Merchants' & Minors' Bank, supra, Jefferson City Bridge & Transit Company v. Blaser, supra) and it is presumed that in making its finding fixing the aggregate valuation of bank stock in Jasper County it acted upon proper and sufficient evidence, facts and information. Such finding is therefore final and conclusive and becomes the aggregate true value of such property for taxation.

"Even if the value finally fixed as the result of the action of the State Board of Equalization was in excess of the actual value of the property, mere error of judgment as to valuation would not be ground for equitable relief. The valuation fixed will not be interfered with in equity 'unless so grossly excessive as to be inconsistent with an exercise of honest judgment, or so unequal and discriminating as to violate the fundamental law of the land.' [Cooley on Taxation (4 Ed.) sec. 1650; (and cases cited)" Columbia Terminals Company v. Koeln, Collector, supra.] As stated plaintiffs stand on the valuation placed upon their property by the assessor and passed by the county board of equalization. They offered no testimony as to actual values tending to show that the aggregate valuation as fixed by the judgment of the State Board of Equalization was so "grossly excessive as to be inconsistent with an exercise of honest judgment." Nothing more appears than that the State Board of Equalization added 48.33 per centum to the total of the valuations of the personal property of the plaintiff banks as made by the assessor. Therefore on the question of true value plaintiffs did not make a showing sufficient to overcome the presumption attaching to the judgment of the State Board of Equalization and to impeach that judgment on the grounds of excessiveness so gross as to amount to legal fraud.

Defendant offered no evidence. Plaintiffs' evidence related chiefly to what was said and done at a conference participated in by the county board of equalization, representatives of the plaintiff banks and a representative of the Tax Commission. Without passing upon appellant's objections to the competency of much of the testimony admitted we undertake to state the substance of the testimony as received by the court. In the early part of March, 1928, the State Tax Commission forwarded to the Clerk of the County Court of Jasper County a tentative recommendation of aggregate valuations upon the different classes of property in that county as a suggested basis for taxes for the year 1928. The recommendation showed some increase in the valuation of both farm land and town lots over the valuation for taxes for the year 1927. Thereupon the clerk of the county court and the assessor went to Jefferson City to confer with the Tax Commission concerning the recommended increase in the valuation of farm land and town lots. At this conference with certain members of the Tax Commission valuations of property in Jasper County were

discussed and it was stated that in the opinion of the Tax Commission some of the banks of that county were undervalued and under assessed. In that connection it was agreed that the Tax Commission would send a representative to Jasper County to confer with the assessing officers of that county concerning individual bank assessments and a date for such conference was fixed. The local officers notified all the plaintiff banks of the proposed conference and on the date appointed therefor the conference was held with the members of the county board of equalization, representatives of the banks and a Mr. Bales representing the Tax Commission present. Apparently this was an informal conference whereby the State Tax Commission undertook through its representative to assist the county board of equalization in an advisory capacity as it may properly do (Sec. 9854, R. S. 1929) but it was not such a hearing as is provided for by Subdivision 8 of Section 9854, Revised Statutes 1929, nor was it a hearing upon an appeal from the valuation of property made by the assessor within the contemplation of Section 9814, Revised Statutes 1929. At this conference Mr. Bales submitted to the county board of equalization a list of all the banks and trust companies in Jasper County showing the valuation of each as made by the assessor with a recommendation of the Tax Commission that the valuation of twelve of the banks be raised, each in an amount noted on the list. The representatives of the banks opposed the raises so recommended. The matter was discussed and debated and in the trial of this case witnesses were permitted to testify to what Mr. Bales said, what others present said, that the banks, at this conference, made a showing, the nature and manner of which is not stated, to the effect that their assessments, as made by the assessor, were at true value and that the representatives of the banks interrogated Mr. Bales concerning the basis of the recommendations made by the Tax Commission and that he stated they were based upon reports filed by the banks. At the conclusion of the discussion the county board of equalization made an entry upon its record to the effect that it had carefully considered the recommendation of the Tax Commission that certain banks "be increased in their assessed valuations," that such recommendation was rejected and ordered the "assessments to stand as appearing." Witnesses testified that the representative of the Tax Commission stated on that occasion that if the county board of equalization in equalizing bank assessments in that county did not increase the valuation of the banks which the Tax Commission deemed undervalued it would become necessary for the State Board of Equalization to add the total amount of the recommended increases on individual banks to the aggregate valuation of banks in that county. The order and judgment of the State Board of Equalization subsequently made and entered adding 48.33 per centum to the total of the valuations of

the personal property of banks in that county, as made by the assessor, increased such aggregate valuation in the total sum of the amounts in which the tax commission had advised the county board of equalization the valuations of the twelve banks, considered by it to be undervalued, should be respectively increased in order to bring each of said banks to its true value in money. Respondents say this course of events shows that the State Board of Equalization acted arbitrarily and fraudulently in fixing the aggregate true value of their personal property.

The true value of the personal property of the individual banks as fixed by the assessor and approved by the county board of equalization is not assailed or questioned by plaintiffs. They claim that the assessor properly valued the personal property of each bank at its true value in money. The charges of fraud are leveled at the judgment of the State Board of Equalization alone. The State Board of Equalization is concerned only with aggregate values. Section 9863, Revised Statutes 1929, enumerates twelve classes of personal property, one of which is "banking corporations." In performing its constitutional and statutory duty (Constitution of Missouri, Sec. 18, Art. 10 and Sec. 9863, R. S. 1929) to equalize the valuation of each class thereof among the respective counties of the State, the State Board of Equalization determines and fixes the aggregate true value of each class of property in each county. As we have said that judgment is final and conclusive unless impeached for fraud. We have held that the showing made by plaintiffs in this case does not warrant a finding that the aggregate true value of shares of bank stock in Jasper County, as fixed by the State Board of Equalization, was so "grossly excessive" as to be a fraud against plaintiffs. Nor is the evidence, which we have above summarized, sufficient to establish fraud, as charged, in the concoction of the judgment of the State Board of Equalization and overcome the presumption that in arriving at its finding as to the aggregate true value of bank stock in Jasper County it acted in good faith and upon proper, adequate and sufficient evidence and information.

In each case the judgment of the trial court is reversed, the injunction issued therein dissolved and plaintiffs' bill dismissed. *Sturgis* and *Hyde*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.