THE STATE ex rel. VAN RAALTE et al., Appellants, v. BOARD OF EQUALIZATION OF CITY OF ST. LOUIS et al.

Division One, April 2, 1914.

1. TAXATION: Board of Equalization: Judicial Act: Certiorari. The functions of the board of equalization in the city of St. Louis, in determining the amount of property a citizen should pay taxes on, are judicial, and if in the exercise of that power it acts without rightful jurisdiction, and this appears from the face of the record, *certiorari* is the proper remedy to quash its records and proceedings.

2. ————: ————: of St. Louis: Notice: Reference to Statute. By the city charter the board of equalization of St. Louis is authorized to notify a citizen of a proposed increase in the assessment of his property, and a mere mistake or inadvertence in referring, in the notice to him to appear, to an act of the Legislature as the source of its power, instead of to the provisions of the charter, does not divest the board of any rightful authority possessed by it under the charter.

3. ——: ——: Notice: Irregularity: Cured By Appearance. Any mere irregularity in the notice to a property owner of a proposed increase in the assessment of his property given by the board of equalization, is cured by his appearance before the board in response thereto and a hearing on the matter.

4. ——: ——: Proposed Increase: Prejudged. Where it appears that the board of equalization at the hearing did not increase the citizen's assessment to the amount proposed in the notice, but took as the amount of his secured loans that admitted by him, and then reduced this amount by thirty per cent, so as to equalize the valuation of this property with that placed upon real estate for assessment purposes, the board did not prejudge the amount by which it increased the assessment of his property.

5. ——: Deduction of Money Borrowed. In assessing the value of secured notes, the board of equalization is not authorized to deduct therefrom the amount of money borrowed by the taxpayer in conducting his business. The statutes do not provide that property is exempt from taxation to the extent of the taxpayer's indebtedness.

6. ——: Deductions of Uncollectible Credits. Loans secured by pledges of property worth more than they amount to are not to be classified as "uncollectible credits," even though the payment is finally made in property rather than in money.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

AFFIRMED.

*Stern & Haberman* for appellants.

(1) The duties of the board of equalization are judicial in character. Black v. MacGonigal, 103 Mo. 197. (2) *Certiorari* is the proper remedy. State ex rel. v. Moss, 69 Mo. 495. (3) The proceeding is brought to issue by the motion to quash. State ex rel. v. Stephens, 146 Mo. 662; State ex rel. v. Williams, 70 Mo. App. 238. (4) Jurisdiction for taxation must depend upon jurisdictional facts stated in the statute

under which the taxing body proposes to act. Mc-Cune v. Jepfson, 123 N. Y. 142; State ex rel. v. Hagar, 91 Mo. 452; Railroad v. Apperson, 97 Mo. 308. (5) The board of equalization for St. Louis is created under and its powers and duties defined by Art. 5, sec. 24, Scheme & Charter. (6) Section 9150, R. S. 1899 (Sec. 11354, R. S. 1909), under which appellees acted, relates to county assessors and county boards of equalization and appellants could not act thereunder. State ex rel. v. Alt, 224 Mo. 508; Secs. 11402-11406, 11341-43-46-52-53, R. S. 1909. (7) Credits subject to taxation are net credits, not gross credits. Sec. 11386, R. S. 1909; Laws 1871, p. 94, sec. 55; Art. 4, sec. 28, Constitution; Sedalia ex rel. v. Smith, 206 Mo. 346; Connecticut v. Albert, 39 Mo. 183; Dart v. Bagley, 110 Mo. 51; Church v. U. S., 143 U. S. 457; Perry v. Jefferson, 94 Ill. 220; Rushville v. Rushville, 15 L. R. A. (Ind.) 324; Clerk v. Dubois, 1 L. R. A. (N. S.) 999; Journal House of Representatives 1871, pp. 618, 628, 629, 877; Ex parte Heldman, 117 Mo. App. 620; Riddick v. The Governor, 1 Mo. 104; State ex rel. v. Hostetter, 137 Mo. 648; State ex rel. v. Diveling, 66 Mo. 379; Secs. 42, 37, 39, 40, Constitution; Taylor v. Inhabitants, 102 Me. 401; Blake v. Bank, 90 U. S. 307; Edgar v. Randolph, 70 Ind. 331; Stout v. County, 107 Ind. 331; U. S. v. Railroad, 157 Fed. 618; Mosle v. Bidwell, 130 Fed. 336; Minnesota v. Sibley, 2 Minn. 13; R. S. 1899, sec. 3091; Sec. 1309, Iowa Code 1897; Sec. 1646, Hurd's Illinois Statutes 1905; Loan Assn. v. Keith, 153 Ill. 622; School Directors v. School Directors, 81 Wis. 428; McFarland v. Railroad, 94 Mo. App. 336; Sec. 8057, R. S. 1909; Express Co. v. Seibert, 142 U. S. 339. (8) Credits which will not be received or cannot be collected are not subject to taxation. Sec. 11387, R. S. 1909; Laws 1871, p. 94, sec. 56. (9) In re credits will not be received or cannot be collected. Sec. 11387, R. S. 1909.

*William E. Baird* and *Truman P. Young* for respondents.

(1) The board of equalization of the city of St. Louis had jurisdiction to increase the appellants' assessment. (a) Sec. 9150, R. S. 1899, applies to the board of equalization of the city of St. Louis, and the board had power to act under that section. The city of St. Louis corresponds to a county, and statutes placing duties upon county officers apply to like officers in the city of St. Louis. Constitution, art. 9, sec. 23; R. S. 1899, sec. 4160; State ex rel. v. Wilder, 198 Mo. 166; Henderson v. Kearney, 168 Mo. 362; State ex rel. v. Hudson, 78 Mo. 302; Breman Bank v. Umrath, 55 Mo. App. 43; Clarkson v. Furniture Co., 22 Mo. App. 111; Voight v. Avery, 14 Mo. App. 50. All taxes must be levied and collected by general laws. Constitution, art. 10, sec. 3, art. 4, sec. 53. Sec. 9150, R. S. 1899, originated as section 34 of the Act of March 30, 1872. Laws 1872, p. 90. This was a general revenue law applicable, except where expressly stated otherwise, throughout the entire State. The county board of equalization created by section 14 of that act corresponded with the court of appeals provided for by section 8. Laws 1872, p. 99; Laws 1869-70, p. 451. The board of equalization of the city of St. Louis was created by section 24 of article 5 of the city charter. This board supplanted the court of appeals theretofore existing in the city, and corresponds in all respects to the boards of equalization in the various counties of the State. R. S. 1899, sec. 9383; State ex rel. v. Alt, 224 Mo. 509. (b) The board of equalization had full power to increase the assessment under the terms of the charter of the city of St. Louis. Charter, art. 5, sec. 24. It is not material that the notice mentions section 9150. If the board had power to act, it is immaterial if it misconceived the source of its power. The appellants were accorded a sufficient

hearing. State ex rel. v. Baker, 170 Mo. 194. (2) The appellants were not entitled to deduct from the sums of credits listed for taxation outstanding debts. (a) The court will not review the action of the board upon its finding of facts in appraising the appellants' property. 4 Ency. Pl. & Pr., pp. 98, 119; State ex rel. v. County Court, 45 Mo. App. 387; State ex rel. v. Cunningham, 153 Mo. 642. (b) Credits are made subject of taxation in Missouri. R. S. 1899, secs. 9118, 9121, 9123, 9180. There is no provision in the statutes allowing the deduction of debts. In Missouri taxes are levied upon property, and not upon persons. The financial condition of the owner of the property is, therefore, immaterial. Judson on Taxation in Missouri, p. 217. (c) No deduction is allowed on account of debts in the taxation of property in general. Life Ins. Co. v. Assessors, 56 Mo. 503. To allow such a deduction from credits and not from other property, would be to create an exemption from taxation in favor of certain credits. Exemptions can never be created by mere inference, but must be expressly provided for. 27 Am. & Eng. Ency. Law, p. 692; Litterer v. Crawford, 157 Mo. 51; State ex rel. v. Casey, 210 Mo. 248; 12 Am. & Eng. Ency. Law, pp. 285, 288, 293; Cooley on Taxation (3 Ed.), p. 356. (d) To give Sec. 9181, R. S. 1899, the meaning contended for would make it contravene the provision of the Constitution requiring all property to be taxed in proportion to its value. Bank v. Hines, 3 Ohio St. 8; In re Assessment and Collection of Taxes, 4 S. D. 6. (3) The board had complete authority to assess the value of appellants' credits. Its action in so doing is not subject to review. Whether or not the credits were collectible were questions necessarily considered by the board in fixing their value, and the appellants cannot have a review by the court of the action of the board of equalization in refusing to allow a deduction on account of the alleged fact that a certain portion of credits were

usually uncollectible.   4 Ency. Pl. & Pr., p. 119; State, ex rel. v. Cunningham, 153 Mo. 643; Judson on Missouri Taxation, p. 239.

## STATEMENT.

The charter of the city of St. Louis created a board of equalization of five persons and made the president of the board of assessors the president thereof, who, with four "discreet and experienced real estate owners" to be appointed by the judge of the circuit court of the city of St. Louis, should constitute that board. It specifies when its sessions shall begin and end, and provides: "Said board shall hear and determine all appeals in a summary manner, shall adjust and correct the assessment books accordingly, shall determine as far as possible whether the property has been assessed at the true cash value, and in just proportion to the assessed value of the other property in the city similarly situated, and to this end shall increase or diminish the assessment on any property, real or personal, or mixed. If they propose to increase the assessment in any case notice thereof to be served upon the owner, agent or representative thereof, if within the city, who shall have the right to be heard upon such proposed increase. . . . The members of such board, before entering upon the duties of such office, shall take and subscribe an oath similar to that required of county boards of equalization."

The charter empowers the board to send for persons, books and papers and to compel the attendance of witnesses, and to issue process to be served by the sheriff.   [Charter of St. Louis, art. 5, sec. 24.]

The board of equalization organized as prescribed in said charter on the 12th of April, 1910, notified relator that it proposed to increase the assessed value of its property for that year from $11,400 to

$90,000, according to section 9150, Revised Statutes 1899, that such increase would be based on "cash and credits, money loaned or invested in pledges." This notice fixed a day for the appearance and hearing of any objections which relator might have to such increase. On the day set for the hearing and after the appearance and statement of relator, who was represented by his attorney, the board of equalization increased the assessment to $28,900.

This sum was arrived at by taking the evidence that relator, a pawnbroker, owned loans amounting to $40,000 secured by personal property. The board took seventy per cent of that as its assessable value, that being the rule applicable to the assessment of real estate in the city of St. Louis, and refused to allow two other deductions claimed by relator, one for $25,000 which relator claimed it owed to other persons for borrowed money, and the other for thirty per cent of the value of its assessable property which relator claimed would represent its customary failure of collection of money owed on pledges.

A writ of *certiorari* was sued out of the circuit court bringing before it the record of the board of equalization. Upon the trial of that proceeding the writ was quashed, from which judgment the relator duly appealed to this court.

## OPINION.

### I.

BOND, J. (After stating the facts as above).— The functions of the board of equalization in judging the assessments of property are judicial,

**Taxation: Increase in Assessment: Notice.** and if in the exercise of that power it shall act without rightful jurisdiction, and this should appear from the face of its record; then *certiorari* is the proper remedy to quash its record and proceedings. [State ex

rel. v. Bank, 234 Mo. 194; State ex rel. v. Stephens, 146 Mo. 662; Ward v. Board of Equalization, 135 Mo. 309; Black v. McGonigle, 103 Mo. l. c. 197; State ex rel. v. Moss, 69 Mo. 495.]

In the notice given relator of the intention of the board of equalization to increase its assessment, reference is made to the source of its power, in section 9150, Revised Statutes 1899, now section 11354 of the present revision. Whether under the provisions of the Constitution (art. 9, secs. 23, 25) this section of the statute is applicable after the adoption of the charter of St. Louis need not be ruled. [State ex rel. v. Wilder, 198 Mo. 166; Bremen Bank v. Umrath, 55 Mo. App. 43.] The board of equalization was created by the charter and its duties are defined therein and these include the authority to notify the relator of a proposed increase of the assessment of its property, and a mere mistake or inadvertence in referring to the act of the Legislature instead of the provisions of the charter, in the notice to appear, could not divest the board of any rightful authority possessed by it under the terms of the charter of the city of St. Louis.

It is not denied and the record of the board's action discloses that relator duly appeared at the time fixed in the notice for the consideration of an increase in its assessment. This cured any informality in the notice and secured to relator the hearing it was entitled to have before the increase of the assessment. [State ex rel. v. Baker, 170 Mo. l. c. 199, 203.]

The record sent up in obedience to the writ further shows that, after such hearing, the board of equalization only increased the assessment to the amount of its secured loans made as pawnbroker, to-wit: $40,000, admitted by relator on the hearing, and that of this amount the board deduced thirty per cent, so as to equalize the valuation of this property with the valuation put upon real estate for assessment pur-

poses in the city of St. Louis.  It is clear, therefore, that the board did not prejudge the amount of proposed increase of relator's assessment, for it did not adopt the amount of increase suggested in the notice, but finally fixed the amount at a much lower sum after a hearing in the manner above stated.  The assignment of error by relator that the board prejudged the amount which it increased the assessment of relator's property is therefore overruled.

## II.

**Taxation:
Deduction of
Debts.**
This leaves only the question of the jurisdiction of the board to decline the deduction from the sum adjudged by it to be the true cash value of relator's property of the amount of its indebtedness ($25,000) alleged to have been borrowed from other persons than pledgors, and the further amount of an assumed failure of collection reaching thirty per cent of the money loaned on pledges and deposits.  Taking these in order.

Taxes are leviable on all property except as exempted by statute (R. S. 1909, secs. 11334-5, 11337, 11384, 11519) and the fact of such exemption must appear in express terms or by necessary implication, in the language of the Constitution or the statute.  If the terms of the law which are invoked to show an exemption from taxation are susceptible of any other rational construction, the exemption cannot exist.  [Cooley on Taxation (3 Ed.), 356; State ex rel. v. Casey, 210 Mo. l. c. 248; Fitterer v. Crawford, 157 Mo. 51.]

We may concede for the argument that an implication might be drawn from the language of the section of the statute (R. S. 1909, sec. 11386), referring to deductions for any indebtedness to "any mutual insurance company  .  .  ., any unpaid subscription to any religious, literary, scientific or charitable institu-

tion or society,'' or the capital stock of corporations, that the Legislature did not intend to exclude a deduction for general indebtedness when the taxpayer was listing his property for assessment. But this inference is *not the only one* which can be drawn from that statute. It admits of another of equal potency, which is that the Legislature intended to emphasize the fact that these particular instances of indebtedness could not be offset against any other property of any kind, which it was the duty of the owner to return for taxation, although as to some of those specified obligations no consideration whatever was received (religious or charitable) and as to others the indebtedness (capital stock of corporations) would be taxable in the hands of the corporations. Nor does it exclude the further inference that if the Legislature had intended to allow a deduction of other than the specified indebtedness, it would have said that in simple terms and would not have provided, as is done in the next section (R. S. 1909, sec. 11387) that the taxpayer might deduct his uncollectible credits. The two sections are *in pari materia* and in enacting them the Legislature had in mind the liability of all property to taxation. By the former it referred to certain kinds of indebtedness which must be returned for assessment and by the latter it pointed out one part, the uncollectible portion of *"credits"* (*using that term*) which the taxpayer might leave out of his list.

This shows that the admissible inference to be drawn from the first section is not the only reasonable deduction which its terms afford, and, hence, does not in logic have the strength of a conclusive deduction shutting out all others, and thereby making it a *necessary implication* from the language of the statute, as it would have to be to fall within the principles of law above stated.

We hold that there is nothing in the language of the sections, supra, which supports the theory of ap-

pellants' counsel that relator was entitled to deduct from its credits listed for taxation the amount it owed for money borrowed from other persons than its debtors.

## III.

We have considered the history of revenue laws in appellants' brief and have given due weight to its interpretative aid. But it falls short of demonstrating that we should interpolate in the statute a provision (now lacking) that in listing what is due a taxpayer by a solvent debtor or on loans secured by property, he may deduct what he owes other persons than those ennumerated in section 11387 of the present revision.

History of Law.

Neither do we perceive any logical reason why such general indebtedness should only be deducted from personal rather than real property.

## IV.

The final contention of appellant is that the board of equalization erred in refusing relator credit for an assumed percentage of its forfeited loans. Even if this question was raised by the face of the record we should not sustain the assignment of error. [State ex rel. v. Cunningham, 153 Mo. 643; Judson on Taxation in Missouri, p. 239.]

It was not shown that such a percentage of forfeitures of its loans would cause any pecuniary damage to relator. All of them were secured by pledged property inferably of greater value than the amount loaned.

The statute (R. S. 1909, sec. 11387) permitting the taxpayer to deduct from his "credits" what portion he is unable to collect, does not mean that he shall do so, when he collects the amount due him by getting its value in property though not in money.

When these pledges are forfeited the loans are paid in property and these are not uncollectible "credits" in the statutory sense.

The judgment is affirmed.   All concur.