THE STATE EX REL. L. D. THOMPSON as State Auditor, STATE BOARD OF EQUALIZATION and STATE TAX COMMISSION, Relators, v. H. A. COLLIER, Judge of Circuit Court of Boone County, Respondent.—41 S. W. (2d) 400.

Court en Banc, June 30, 1931.

*Stratton Shartel*, Attorney-General, and *Albert Miller*, Assistant Attorney-General, for relators; *L. Cunningham* of counsel.

*Phil M. Donnelly* and *Clark, Boggs, Cave & Peterson* for respondent.

ATWOOD, C. J.—This case was argued and submitted with State ex rel. Thompson et al. v. K. C. Jones, Clerk of the County Court of Morgan County, Missouri, opinion adopted at this term. We adopt respondent's statement of the case as follows:

"By this action in certiorari, the relators, being the Auditor of the State of Missouri, the Board of Equalization of the State of Missouri, and the State Tax Commission of the State of Missouri, seek to quash the record, orders and judgment entered by respondent as judge of the Circuit Court of Boone County, Missouri, in a certain action entitled 'State of Missouri, at the relation of the Texas-Empire Pipe Line Company, a corporation, Relator, v. W. P. Cunningham et al., Respondents.' That cause of action arose out of the following facts and circumstances:

"The State Tax Commission purporting to act under authority conferred upon it by Sections 12847, 12848 and 12849, Revised Statutes of Missouri 1919 (Secs. 9853, 9854 and 9855, R. S. 1929) held a meeting at the county-court room in the courthouse in Boone County, Missouri, on the 5th day of July, 1930, at which time Forrest Smith, a member and representing the State Tax Commission, purported to review the assessment of personal property of the Texas-Empire Pipe Line Company in Boone County, Missouri, as of the 1st day of June, 1929, for taxes due and payable in the year 1930. At said time and place, the said Forrest Smith increased the valuation of the personal property of the Texas-Empire Pipe Line Company in each of the school districts of said county where this company had property assessed. The assessed valuation placed upon said property by the assessing officers of Boone County appears upon page 49 of the abstract, and the assessed valuation as placed thereon by the State Tax Commission appears on page 47 of the record. The increased valuation was placed on the assessment book of Boone County, Missouri, after the assessment rolls of Boone County, Missouri, had been passed upon by the County Board of Equalization, of said county, and by the State Board of Equalization of the State of Missouri, and had been turned over to the clerk for the purpose of making the tax books of said county. The amendment or correction was made before the tax books had been delivered to the

Collector of the Revenue of said county. Thereafter the County Clerk of Boone County, Missouri, extended the taxes upon the valuation placed on said property by the State Tax Commission, as shown at sheet 47 of the record. On the 14th day of July, 1930, the county clerk, as required by law, delivered to the Collector of Revenue of said Boone County, said tax books and took his receipt therefor.

"The findings and assessment made by Forrest Smith, a member of the State Tax Commission, on the 5th day of July, 1930, were submitted to the State Tax Commission as a body on that date and were by it approved and thereafter on the 7th day of July, 1930, the State Board of Equalization made an order correcting the assessment rolls of Boone County, Missouri, according to the finding of the State Tax Commission. This order was certified and filed in the office of the County Clerk of Boone County, Missouri, on July 17, 1930, three days after the tax books of Boone County had been delivered to the Collector of Revenue for said county, by the county clerk. The alterations on said tax books had been made by the county clerk before the delivery of the tax books to the collector. On the 12th day of July, 1930, the Texas-Empire Pipe Line Company filed its petition for a writ of certiorari in the Circuit Court of Boone County against the County Court of Boone County, the County Board of Equalization, the assessor, the collector, and the county clerk.

"The petition alleged that the county clerk had unlawfully changed the record of taxes levied against the property of the company in Boone County and had unlawfully changed and modified the levy of taxes against the property assessed and had increased the taxes to an unlawful amount and prayed for a writ of certiorari in order that the papers, records and proceedings might be brought before the circuit court and the legality thereof determined and adjudicated and for proper orders in the premises. The writ of certiorari was issued and the respective officers of Boone County produced in the circuit court all the records pertaining to the assessment and levy of taxes on the personal property of the Texas-Empire Pipe Line Company for the year 1929. Upon examination of the records, the respondent, as judge of said court, found that the records and levy of taxes upon the property of the Texas-Empire Pipe Line Company had been unlawfully altered and that unlawful taxes had been extended upon the tax records and quashed all alterations on said records, i. e., the unlawful taxes extended by the county clerk on this company's property. The judgment declared the amount of taxes due in each school district in which this company had property and ordered and decreed that any and all corrections, interlineations, modifications or changes in the taxes as set out in said books

be quashed and for naught held, and that said books be corrected accordingly.

"The present action in certiorari was instituted by relators herein, for the purpose of having this court quash the record of respondent and restore to the tax records of Boone County, Missouri, the taxes so stricken from the record by the respondent."

For answer or return to our writ of certiorari, respondent produced and filed a certified copy of all the records, entries, proceedings, books, papers, documents, admissions, memorandum and oral evidence in said certiorari proceeding tried before him. Relators thereupon filed motion to quash said return upon the grounds, among others alleged, that none of the relators herein were parties to or served with process in the certiorari proceeding heard by respondent, and that "the assessment of said property and the valuation thereof as of June 1, 1929, and subject to taxation in Boone County, Missouri, in the year 1930, in the several school districts named, as found and fixed by the said Forrest Smith, as a member of the State Tax Commission of Missouri, and approved by said State Tax Commission and by the State Board of Equalization of Missouri, became final and binding upon the approval thereof by the said State Board of Equalization, and that the Circuit Court of Boone County, Missouri, had no jurisdiction, power or authority to change, alter or modify the assessment of said property as so made."

In defense of their failure to make the State Board of Equalization and the State Tax Commission parties to the certiorari proceeding tried by respondent herein, counsel for respondent say that "the procedure or so-called judgment of the State Tax Commission being absolutely void, it could be disregarded whenever and wherever found, . . ."

With respect to the issue presented in that case they frankly say:

"The sole cause of action there was to remove unlawful taxes placed upon the records by the county clerk. This upon the theory that the State Tax Commission and the State Board of Equalization had no power to make any assessment against an individual taxpayer, and that any act of the clerk levying and extending taxes upon any amount greater than the amount due upon the valuation fixed by the local assessing officer under the current tax rate as fixed in the county, was an unlawful tax."

Construing Sections 12847 and 12848, Revised Statutes 1919, now Sections 9854 and 9855, Revised Statutes 1929, in State ex rel. L. D. Thompson et al. v. K. C. Jones, Clerk of the County Court of Morgan County, Missouri, *post* page 267, we have held that the State Tax Commission, with approval of the State Board of Equali-

zation, has power to make original assessment of property of an individual taxpayer, and in the case of Brinkerhoff-Faris Trust & Sav. Co. v. Hill, 19 S. W. (2d) 746, 751, 323 Mo. 180, there cited, we ruled that the State Tax Commission is very clearly "given full and adequate power, not only to supervise, but to review" the work of local assessing officers and boards, "and where it finds assessments which were not made conformably to law to revise them— and this by inserting where necessary, after a hearing, its own valuations in lieu of those made by the local authorities." That is exactly what was done in this case, and from the record before us it appears that the regularity of the steps so taken is not challenged.

Counsel for relators do say that because the Clerk of the County Court of Boone County extended the tax complained of on the tax books and delivered them to the county collector before he received from the secretary of the State Tax Commission and *ex officio* secretary of the State Board of Equalization the certified statement provided by Section 9856, Revised Statutes 1929, showing completion of the work of assessment and equalization, his extension of said tax was unlawful and void. However, the record before us and respondent's foregoing statement of the case show that said county assessment roll concerning the assessment of the property of the Texas Empire Pipe Line Company was duly reviewed and the true value of said property fixed by a member of the State Tax Commission on the 5th day of July, 1930, and by him duly inserted on said date in the proper column of the assessment rolls and tax books of Boone county; that his said finding was submitted to and approved by said tax commission; that on the 7th day of July, 1930, said finding and action of the said Forrest Smith was approved by the State Board of Equalization; that thereafter said county clerk extended the taxes upon the valuation made by said State Tax Commission; and that on the 14th day of July, 1930, said county clerk delivered said tax books to the county collector and took his receipt therefor. It thus appears that the approval order of the State Board of Equalization was made before said county clerk extended said taxes. His action in so doing was not void. The action of the State Tax Commission became final when approved by the State Board of Equalization (Sec. 9855, R. S. 1929), and if said county clerk had not extended the taxes before receiving the certified copy of the order of the State Board of Equalization, it would not only have been his unqualified duty to have done so thereafter, but if he had delivered the tax books to the county collector without having done so he could have been compelled to make out and deliver to the county collector a supplemental tax book showing the proper extension.

[Secs. 9878 and 9856, R. S. 1929; and State ex rel. L. D. Thompson v. Jones, supra.]

It follows that respondent's record should be and the same is hereby quashed. All concur.