STATE OF MISSOURI at the Relation of GEORGE W. LANE and WM. S. BEDAL, Executors Under the Will of Sarah L. G. Wilson, Appellants, v. CLIFFORD CORNELI, HENRY W. J. ROTT, HENRY L. MUELLER, PHILIP G. DEUSER, ROY JABLONSKY and WALTER E. MILLER, Composing the Board of Equalization of St. Louis County, Missouri; PHILIP G. DEUSER, Assessor of St. Louis County, Missouri; WALTER E. MILLER, Clerk of the County Court of St. Louis County, Missouri; and WILLIS W. BENSON, Collector of the Revenue of St. Louis County, Missouri.—No. 38295.—171 S. W. (2d) 687.

Division One, May 4, 1943.

*J. M. Blayney, Harold S. Cook* and *Rodney M. Fairfield* for appellants.

*Arthur U. Simmons* and *Lashly, Lashly, Miller & Clifford* for Willis W. Benson, Collector of the Revenue of St. Louis County, respondent.

4

*Erwin F. Vetter,* County Counselor of St. Louis County, for other respondents.

DOUGLAS, P. J.—Relators, executors of the estate of Sarah L. G. Wilson, have appealed from a judgment rendered in a certiorari proceeding whereby the Circuit Court of St. Louis County dismissed their petition and refused to quash an assessment against Mrs. Wilson made by the Board of Equalization of St. Louis County.

As of June 1, 1938, the assessor made an arbitrary assessment of the personal property of Mrs. Wilson of $200. On November 19, 1938, Mrs. Wilson died. Her will naming relators as executors was probated. On April 17, 1939, the Board of Equalization entered the following order: "It is ordered by the Board that the following described personal property in Clayton School District of the Estate of Mrs. N. B. Wilson, Deceased, be added to the Assessor's books in the amount of $1,303,013.00 in lieu of $200.00 arbitrary assessment fixed by the Assessor, as follows, to-wit: Bonds $1,249,986.00; Notes

$5,619.00; Goods and Chattels $15,021.00; Miscellaneous $1,500.00. It is further ordered that the Clerk notify Wm. S. Bedal and Geo. W. Lane, Attorney, for the estate of Mrs. N. B. Wilson, to appear on the 24th day of April, 1939, and show cause, if any they have, why said assessment should not be made.''

This is the second appearance of this case in this court. In the first certiorari proceedings instituted by the executors the circuit court quashed the order of April 17 and the board appealed to this court. Our decision in that appeal appears in State ex rel. Lane v. Corneli, 347 Mo. 932, 149 S. W. (2d) 815.

It is conceded in both cases the applicable statute under which the board was acting is Sec. 11006, R. S. 1939, as follows: ''The county board of equalization, at its annual meeting in each year, in addition to the powers now conferred by law, shall have authority to assess and equalize the value of any property that may have been omitted from the assessor's books then under examination by said board, and in case said board shall add any property, real or personal, to said assessor's books, it shall cause notice in writing to be served upon the owner of such property, stating the kind and class of property and the value fixed thereon by said board, and naming the time and place, not less than five days thereafter, when and where such owner may appear before said board and show cause why said assessment should not be made. At the time fixed, said board shall again meet and give an opportunity to said taxpayer to be heard in regard to said assessment, and may change or alter the same upon it being shown by said owner that said assessment was erroneous or improperly made; otherwise, said property and the valuation, as fixed by said board, shall be extended upon the assessor's books, as in case of other property. Said notice shall be signed by the clerk of the county court and shall be served by the sheriff of the county, and it shall be the duty of the prosecuting attorney, when called upon by the board of equalization, to represent said county in any such proceedings. In case of the assessment of real estate belonging to nonresidents, publication may be made of the additional assessment in the same manner as publications required by law where the assessment has been increased by said board.''

The principal question raised in the first appeal was whether the executors were given the notice required by the statute. We there pointed out that the statute requires two steps to be taken by the board in adding omitted property to the assessor's books. First the board ascertains the property to be added and its assessed value. The board is then required to give notice of such assessment and of the date set for a future meeting of the board at which the owner may appear and protest such assessment. Only after an opportunity for such protest has been provided can the new assessment become finally effective by being extended upon the assessor's books.

However the complete record pertaining to the assessment was not before us in the first appeal. The part of the record which was here showed only the first step had been taken namely, the preliminary meeting of April 17 at which the property to be added and its value were ascertained. With the records in such a state, our opinion in that appeal stated the only matter properly before us for review was the preliminary order of the board of April 17 .setting out the property to be added and its assessed value; that the entry of this preliminary order required no advance notice and was properly made; and that the judgment of the circuit court quashing this order was erroneous. The judgment was reversed and the executor's petition dismissed.

Thereafter, the executors instituted this proceeding. They added the assessor and the collector as parties so that, in addition to the order of the board of April 17 we also have before us the assessor's personal property assessment book which contains the final assessed valuation by the board of $1,303,010 and the record showing the extension of this assessment contained in what is referred to as the collector's personal property tax book.

The question for decision in this appeal is whether the record which is now before us is sufficient to show a valid assessment.

In a proceeding by the board the record must affirmatively show the board's jurisdiction to make the particular assessment because a "county board of equalization is a tribunal of limited powers and jurisdiction. In performing its functions its acts are judicial in character . . . but it has only such powers and jurisdiction as are committed to it by statute." State ex rel. Davis v. Walden, 332 Mo. 680, 60 S. W. (2d) 24; State ex rel. Johnson v. Merchants' & Miners' Bank, 279 Mo. 228, 213 S. W. 815. It has long been settled law in this state that the jurisdiction of statutory tribunals of limited jurisdiction must affirmatively appear on the face of the proceedings. Doddridge v. Patterson, 222 Mo. 146, 121 S. W. 72. "In courts of general jurisdiction everything is presumed in their favor; not so with courts of limited and inferior jurisdiction. Local courts and courts of inferior jurisdiction must keep within the prescribed powers of their creation, and where their judgments are called in question, the record should show affirmatively all the facts necessary to give the court jurisdiction both of the subject matter of the suit and the parties to it." Schell v. Leland, 45 Mo. 289. The application of this rule seems to have been limited in some instances to cases of a direct attack upon the judgment. State ex inf. Barrett v. Imhoff, 291 Mo. 603, 238 S. W. 122; State ex rel. State Highway Commission v. Moore, 322 Mo. 329, 18 S. W. (2d) 892. But such a limitation need not concern us in this case as this proceeding directly, not collaterally, attacks the assessment in question. Certiorari is a direct attack upon the judgment of the court to which it is directed.

State ex rel. Aquamsi Land Co. v. Hostetter, 336 Mo. 391, 79 S. W. (2d) 463.

The record in this appeal fails to show that any notice whatever of the meeting of the board on April 24 was served on the executors or that the board ever had such a meeting. All the record discloses is the preliminary assessment of April 17 and the extension of the assessment on the assessor's books; no service of notice, no meeting, no opportunity to be [690] heard. Without these, the proceeding is contrary to the statute and the assessment is void.

In tax proceedings, as in other proceedings, notice is a prerequisite to the validity of such proceedings. "Provision for notice is part and parcel of 'due process of law.'" State ex rel. Lemon v. Buchanan County Board of Equalization, 108 Mo. 235, 18 S. W. 782. The latter case was discussed in State ex rel. Harrison County Bank v. Springer, 134 Mo. 212, 35 S. W. 589, which announced that "such notice as the 'law directs (preliminary to an increase of a tax assessment) is usually regarded as essential to the validity of the assessment."

Where notice is jurisdictional, as it is here, it must affirmatively appear of record, unless waived, or the proceedings are void. Eaton v. County of St. Charles, 76 Mo. 492; Ramsey v. Huck, 267 Mo. 333, 184 S. W. 966; State ex inf. v. Colbert, 273 Mo. 198, 201 S. W. 52; St. Louis County v. Menke (Mo. App.), 95 S. W. (2d) 818; Ex parte McLaughlin (Mo. App.), 105 S. W. (2d) 1020; State ex rel. Kerr v. Landwehr (Mo.), 32 S. W. (2d) 83.

There is no presumption in favor of the jurisdiction of the board. What was said in our opinion in the first appeal about a presumption that the preliminary steps necessary to valid action were duly taken must be regarded in the light of the facts there under consideration. That statement was made arguendo and was not an announcement of a principle of the applicable law. The opinion argued that while the order for notice to the "attorneys for the estate" was erroneous yet we could not hold, in the absence of a complete record, that proper notice had not later been given. The record there before us was incomplete, including only the interlocutory assessment. It did not extend far enough to include the final assessment. We found that so far as that record went the board had acted properly. We held "we are, therefore, of the opinion that the court erred in quashing the record since the errors complained of by relators do not appear on the face of the record." It is plain that the statement about the presumption was not intended to be nor was necessary to the decision.

Nor is our decision in the first appeal res judicata of this appeal. The only question in that appeal which was or could be determined within the scope of the issues presented by the record turned on the propriety of the preliminary assessment. The question presented in this appeal is the validity of the final assessment. The answer to the argument that the latter issue could have been raised and passed

on in the former appeal is found in the opinion deciding that appeal where, though raised by the executors, it was held such issue could not there be determined. The general rule is stated: "The true test of the conclusiveness of a former judgment in respect to particular matters is identity of issues. If a particular point or question is in issue in the second action, and the judgment will depend upon the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second if that same point or question was in issue and adjudicated in the first suit; otherwise not. 34 C. J., Judgments, sec. 1325. Moreover, there are new parties in this case.

■ Certiorari is the proper remedy to test the sufficiency of the record in such a case as this. State ex rel. Van Raalte v. Board of Equalization, 256 Mo. 455, 165 S. W. 1047. But it is asserted that certiorari should not issue merely for the failure to give the statutory notice "in the absence of a showing of some substantial injury or manifest injustice to the relators." Cited in support of this assertion is Sahagian v. Superior Court, 47 R. I. 85, 129 Atl. 813, which involved the failure to give notice of a motion for assessment of damages after a default judgment had been entered in the Superior Court. It held: certiorari "will not be employed by us to correct error that is technical or formal or which has caused no substantial injury to the petitioner." Such a rule is clearly not pertinent here where the failure to give notice constitutes a denial of due process.

The judgment is reversed and the cause remanded with directions to quash the assessment. All concur.