McGRAW–EDISON COMPANY, a corporation, Respondent,

v.

Charles E. CURRY et al., Appellants.

No. 25772.

Missouri Court of Appeals,
Kansas City District.

Sept. 7, 1972.

Herbert M. Kohn, County Counselor, Austin B. Speers, Asst. County Counselor, Kansas City, for appellants.

Charles E. Patterson, Watson, Ess, Marshall & Enggas, Kansas City, for respondent.

SWOFFORD, Judge.

This is an appeal from a judgment in favor of the plaintiff and against the defendants in the amount of $4,055.46 with interest at the rate of 6% from December 29, 1967. The judgment is for an overpayment by the plaintiff corporation of the Merchants and Manufacturers Tax for the year 1967, paid to Jackson County, Missouri. The defendants are named in their then official capacities as members of the County Court, the Assessor, the Collector, and members of the Board of Equalization of Jackson County, Missouri.

The case was tried without a jury and on a stipulation of facts, which provides:

"STIPULATION OF FACTS

1. On or about April 28, 1967 plaintiff McGraw-Edison Company filed its 1967 Merchants Tax Return with the Jackson County Assessor accurately reporting inventory in storage in Jackson County, Missouri with a total value of $22,160.13 (Plaintiff's Exhibit 1).

2. In December, 1967 plaintiff received a Jackson County, Missouri Merchants or Manufacturers Tax Statement for 1967 stating a valuation of plaintiff's property in Jackson County, Missouri of $100,000 and showing a tax due of $5,211 (Plaintiff's Exhibit 2).

3. To the personal recollection of plaintiff's employees and according to plaintiff's books and records, plaintiff did not ever receive a notice of increased valuation of property reported on plaintiff's 1967 Merchants Tax Return.

4. On December 29, 1967 plaintiff paid under protest the $5,211 shown due on the 1967 Tax Statement (Plaintiff's Exhibit 2); said payment being accompanied by a letter of protest (Plaintiff's Exhibit 3).

5. According to the books and records of the Jackson County Board of Equalization, it approved in June, 1967 increases in assessments as shown in the Merchants and Manufacturers increase book for 1967 and directed the County Clerk to send written notice of raises to the owners listed and addresses shown therein specifying the increases as to each (Defendants' Exhibit A).

6. The books and records of the Jackson County Board of Equalization contain a copy of Notice addressed to 'McGraw Edison Co. Pennsylvania Trans. Div. Strg Cannonsburg, Pennsylvania', a true copy of which is attached hereto as Defendants' Exhibit B.

7. Attached as Defendants' Exhibit C is a true copy of a page of the 'Merchants & Manufacturers increase book for 1967' referred to in Defendants' Exhibit A."

The trial court filed findings of fact and conclusions of law.

The findings of fact included the finding (No. 2) that the Merchants Tax Return filed by the plaintiff under date of April 28, 1967 "accurately" reported inventory of plaintiff in storage in Jackson County, Missouri of $22,160.13 and that

"4. The tax statement received by plaintiff in December, 1967 was the first notice plaintiff had received that the valuation of its property had been raised by defendants from $22,160.13 to $100,000."

and that this resulted in an overpayment under protest by plaintiff of $4,055.46.

The trial court's conclusions of law included the statements that since plaintiff had timely filed its 1967 Merchants Tax Return the valuation of plaintiffs' property in Jackson County could be raised only pursuant to Section 138.120 V.A.M.S.; that the notice required by this section had not been given or, alternatively, the wording of the purported notice did not comply with the requirements of this section; that by

reason of the failure to give plaintiff the required statutory notice the County Board of Equalization's action in raising the valuation was without its jurisdiction and void; that subsequent acts of defendants in assessing, collecting and disbursing the tax were without jurisdiction, authority and power and were void; and that the court is empowered to grant the relief sought under Rules 87 and 100.08(a), Rules of Civil Procedure, V.A.M.R.

Appellants contend here that plaintiff's action for declaratory judgment and tax refund should have been dismissed since the defendants are protected by the doctrine of governmental immunity; that the plaintiff failed to exhaust its administrative remedies; and its claim is barred by reason of voluntary payment of the taxes assessed.

Respondent, on the other hand, asserts that by reason of the failure of the County Board of Equalization to give it the proper statutory notice of, and an opportunity to contest the valuation raise, it was deprived of its rights to pursue administrative remedies and could, therefore, maintain this suit under Rule 100.08, Rules of Civil Procedure (Section 536.150 V.A.M.S.).

■ Although this court reviews this case de novo, we must affirm the judgment unless it is clearly erroneous. Rule 73.01(d), Rules of Civil Procedure; Smith v. Equitable Life Assurance Society of United States, Mo.Sup., 448 S.W.2d 588; Dill v. Poindexter Tile Co., Mo.App., 451 S.W.2d 365. With this rule in mind and upon the record before us, the judgment below must be affirmed.

■ The doctrine of governmental immunity has never been applicable as a valid defense in a matter wherein the sovereign or government has consented to be sued, or has waived the immunity. In this case, such consent and waiver has been given by the Legislature. Missouri has adopted the Model State Administrative Procedure Act. Section 536.110 V.A.M.S. (Rule 100.04,

Rules of Civil Procedure) provides for the filing of a petition for review in the proper circuit court within thirty days of the administrative agency's final decision. This section contemplates that the administrative procedures be first exhausted before resort to the courts.

Section 536.150 V.A.M.S. (Rule 100.08, Rules of Civil Procedure) provides for judicial review by injunction, original writ "or other appropriate action" of administrative decisions which are not otherwise subject to administrative review.

This latter section provides in part as follows:

"When any administrative * * * body shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person * * * and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction * * * or other appropriate action * * *"

and gives the court full power to determine if such administrative decision is "unlawful, unreasonable, arbitrary or capricious or involves an abuse of discretion" and to "render judgment accordingly".

■ We, therefore, conclude that the state has consented to be sued and waived governmental immunity in matters involving administrative decisions as provided in the above statutes. We also recognize the general rule as stated by the court in Gas Service Co. v. Morris, Mo.Sup., 353 S.W.2d 645, at l. c. 655:

" * * * When a state consents to be sued, it may be proceeded against only in the manner and to the extent provided by the statute; and the state may prescribe the procedure to be followed and such other terms and conditions as it sees fit. (cases cited). Thus, if as in the present instance the only method and procedure provided for the recovery of il-

legally collected taxes was through the media of administrative agencies and the judicial review of their decisions, the state's consent to be sued was conditional upon the pursuance of those procedures as the taxpayers' exclusive remedy. * * *"

What are the statutory procedures established with reference to the Merchants and Manufacturers Tax involved here?

Section 150.050 V.A.M.S. requires that on the first Monday in May, corporations such as the plaintiff file with the county assessor a verified statement the greatest amount of goods, wares and merchandise on hand at any one time between the first Monday in January and the first Monday in April next preceding. The assessor then enters the amount (valuation) as shown on this return upon his books. There is no dispute but that this plaintiff complied with the mandate of this statute and filed its return showing a valuation of such property as $22,160.13. As noted above, it was stipulated and the court found that this amount "accurately" reported plaintiff's inventory.

Section 138.120(2) V.A.M.S. requires that the assessor's books in Class 1 counties be turned over to the County Board of Equalization on the third Monday in June and said board is required by law to meet on said day to equalize the valuation of merchants' returns, and further provides:

"2. After the board shall have raised the valuation of any statement, it shall give notice of the fact to the * * * corporation or firm whose statement shall have been raised in amount, by not less than five days notice through the mail, prior to the day of hearing, specifying the amount of such raise and advising the taxpayer he may offer objections to such increase as made.

3. The last meeting of said board shall be held not later than the last Saturday in July of each year."

The Board of Equalization in the year 1967 met at Kansas City on June 13, 1967 and at Independence on June 19, 1967, and on one occasion or the other raised plaintiff's valuation over 300% from $22,160.13 to $100,000.00.

The court below found that no notice of such raise was given plaintiff as required by Section 138.120(2), supra, or in the alternative that if the purported notice was mailed to the plaintiff, it did not comply with the terms of said statute in that it did not advise plaintiff of the "day of hearing" or that it "could offer objections to such increase as made."

■ The only proof that any notice was mailed was the stipulated copy of a notice from the file of the Board. It is not signed nor verified, nor was any testimony offered that the original was actually mailed. This is wholly inadequate to prove notice. State ex rel. Wilson Chevrolet, Inc. v. Wilson, Mo.Sup., 332 S.W.2d 867, 871. Without proof of notice, the Board lacked jurisdiction and its proceedings raising plaintiff's valuation were void. State ex rel. Lane v. Corneli, 351 Mo. 1, 171 S.W.2d 687.

■ The copy of the purported notice advises that "appeals" will be heard in Kansas City on July 11, 12, 14, 18, 21 and 28, 1967, and at Independence, July 10 and 26, 1967, and that the Board would adjourn July 29, 1967. This certainly does not comply with the statute and was tantamount to no notice at all—even if received.

■ Had the proper procedures been followed by the Board and a proper statutory notice given and a raised valuation adhered to, the next procedural review would have been before the State Tax Commission under Section 138.430(2) V.A.M.S. before judicial review in the courts. Appellants' position is that since this step was not taken by plaintiff, it had not exhausted its administrative procedure and could not maintain this action. We do not agree, for two reasons.

First, plaintiff was never notified of the action of the Board until it received its tax statement in December, 1967, when the revaluation was a fait accompli and the effective time to seek administrative review had long since passed.

■ Second, the rule as stated in Gas Service Co. v. Morris, Mo.Sup., 353 S.W.2d 645 supra, that procedural requirements as enunciated by the Legislature before administrative agencies must be strictly complied with, should apply with equal force to legislative requirements imposed upon county boards of equalization. Such boards are statutory tribunals and derive their jurisdiction, powers and duties from the statutes. State ex rel. Lane v. Corneli, supra. The Legislature in Section 138.120(2) V.A.M.S. placed the mandatory (shall) duty upon the Board of Equalization to give the plaintiff the notice and that such notice was to contain certain specific facts and information. The Supreme Court in State ex rel. Wilson Chevrolet, Inc. v. Wilson, supra, and State ex rel. Lane v. Corneli, supra, declared such notice to be jurisdictional. It is neither logical nor morally justifiable that such a state agency be permitted to disregard such definite legislative directions and still retain any defense to an action to correct its void revaluation order, either upon the theory of governmental immunity or failure of plaintiff to exhaust administrative remedies.

■ Indeed it can be stated that the void order of the Board was "not subject to administrative review" as contemplated by Section 536.150 V.A.M.S. and Rule 100.-08, Rules of Civil Procedure. Plaintiff was given no notice and therefore afforded no opportunity to either contest the void revaluation order before the Board or ask for administrative review before the State Tax Commission. In fact, it was in complete ignorance that its valuation (stipulated here to be accurate) and the resulting tax had been raised over 300% until the tax statement was received in December, 1967.

We hold that the appellants' position is without merit and the authorities relied upon in their brief do not persuade us otherwise.

■ The remaining contention of appellants is that the payment of the tax under protest was in fact a voluntary payment and, therefore, respondent's claim is barred. They assert that the payment was made under no real compulsion or duress and that a refund of the taxes is a matter of "governmental grace" and not a right.

The matter of compulsion and duress is one of degree. Here, the respondent was faced with a 300% increase of basic taxes plus the imposition of substantial interest and penalties under Section 150.235 V.A.M.S. These penalties amount to at least 10% per year and under an opinion of the Attorney General, No. 371, Stohr, 11–8–65, could be 22% per year. This is such compulsion and duress as to permit the payment of the illegally assessed tax *under protest.*

Appellants rely upon but inadvertently misquote the case of State ex rel. S. S. Kresge Company v. Howard, en banc, 357 Mo. 302, 208 S.W.2d 247. The applicable rule stated in that case, correctly quoted, is, l. c. 250:

"* * * The refund of taxes illegally exacted is ordinarily a matter of governmental grace. * * * It is generally held that taxes voluntarily *paid without compulsion,* although levied under an unconstitutional statute, cannot be refunded *without the aid of a statutory remedy.* 51 Am.Jur. Taxation, Sec. 1167." (Emphasis added)

The case before us comes within the exceptions thus stated in Howard. "Compulsion" and duress are present and respondent here pursues a proper "statutory remedy" under Section 536.150 V.A.M.S. (Rule 100.08, Rules of Civil Procedure).

For the reasons herein stated, the judgment of the trial court is affirmed.

It is so ordered.

All concur.